IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY PERRY | * | |
| Petitioner, | * | Civil Action No. RDB-13-0084 |
| v. | * | Criminal Action No. RDB-11-0116 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The *pro se* Petitioner Jeffrey Perry ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 201). Having reviewed the Petitioner's Motion and the Government's response (ECF No. 209), this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 201) is DENIED.

## BACKGROUND

On March 3, 2011, the Petitioner was charged in a nine-count indictment with conspiracy to distribute five kilograms or more of cocaine and 1,000 pounds or more of marijuana. On September 13, 2011, the Petitioner pled guilty to one count of conspiracy in violation of 21 U.S.C. § 846. He admitted that he knowingly and willingly participated in a conspiracy, along with four other defendants, that started in at least 2004 and continued until the date of the indictment. He further admitted that it was foreseeable to him that, during the course of the conspiracy, between five and fifteen kilograms of cocaine and between

1,000 and 3,000 pounds of marijuana would be distributed and possessed with intent to distribute.

This Court sentenced the Petitioner of January 3, 2012. Based on the presentence report, this Court determined that the Petitioner had ten criminal history points. As part of this total, this Court counted three criminal history points for three separate juvenile convictions, the earliest of which occurred in the year 2000. Based on the amount of cocaine and marijuana to which the Petitioner admitted involvement, his base offense level was 32. Perry was granted a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. This Court also granted the Government's motion for a two-level reduction and to set aside the mandatory minimum sentence based on Perry's substantial assistance. 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. Finally, this Court granted a five-level downward departure for an offense level of 24. Thus, Perry was in criminal history category V, corresponding to a guideline range of 92 to 115 months. This Court varied downward from the guidelines and sentenced Perry to 84 months of imprisonment. Perry did not appeal the judgment or the sentence imposed by this Court.

On January 7, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 201).[1] Section 2255 of Title 28 of the United States Code provides that a prisoner in custody may move a federal court to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

---

[1] This Court notes that the Petitioner filed his Motion outside of the one-year limitation period set forth in 28 U.S.C. § 2255(f). However, because the Motion fails for other reasons, this Court need not address any timeliness issues.

sentence was in excess of the maximum authorized by law." Petitioner, now proceeding *pro se*, claims he received ineffective assistance of counsel, in violation of rights under the Sixth Amendment to the United States Constitution.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, Petitioner must demonstrate a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Establishing one of the two *Strickland* prongs is insufficient; rather, Petitioner must satisfy both prongs to qualify for relief. *See id.* at 687.

## ANALYSIS

The Petitioner asserts that he received ineffective assistance of counsel, and was sentenced erroneously, on two grounds: (1) in the presentence report, his criminal history was incorrectly calculated as category V instead of category IV; and (2) he could not have

been a member of the charged conspiracy because was incarcerated during portions of the conspiracy period. Because the Petitoner is legally incorrect on both grounds, his Motion will be denied.

Perry first argues in his Motion that his juvenile conviction record was erroneously counted in determining his criminal history category, and his attorney's failure to present the alleged error to this Court at sentencing constituted ineffective assistance of counsel. His argument fails both prongs of the *Strickland* test. First, his attorney raised the issue of the Petitioner's criminal history category and specifically, whether his juvenile convictions were properly counted, on the record at sentencing. *See* Tr. 13, Pl.'s Ex. A, ECF No. 209-1. The United States Sentencing Guidelines provide that the Court should "add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the petitioner's commencement of the instant offense. U.S.S.G. § 4A1.2(d)(2)(B). Because the first of Perry's juvenile convictions was in 2000, and he admitted to being a part of conspiracy starting in 2004, this Court properly added three criminal history points, one for each of his three juvenile convictions. Although the issue was not decided to Perry's liking, he cannot claim that his counsel failed to act reasonably in representing him because counsel in fact argued this exact point at sentencing. As to the second prong of the *Strickland* test, the Petitioner suffered no prejudice. This Court determined that Perry was properly in Category V, not IV, despite his counsel's argument. The result would have been the same even if Perry's attorney had not raised the issue of his juvenile convictions.[2] Therefore, the

---

[2] This Court also notes that the 84-month sentence imposed is within the category IV guideline range of 77 to 96 months.

Petitioner's argument that any conduct by his counsel as to this issue prejudiced him must be rejected. Thus, his claim for relief based on ineffective assistance of counsel fails.

The Petitioner further argues that because he was incarcerated for certain periods during the charged conspiracy, he cannot be guilty of that conspiracy. Specifically, he argues that he was incarcerated for a total of two years and ten months during the seven years in which he admitted to being part of the conspiracy at issue. A conspirator's membership in a conspiracy does not end until he affirmatively acts to withdraw. *United States v. West*, 877 F.2d 281, 289 (4th Cir. 1989). Perry does not argue that he acted to withdraw from the conspiracy at any time, but only that he could not have been involved with drugs while incarcerated. Although the Government argues that the evidence at trial would have shown that Perry actively remained in contact with his co-conspirators while incarcerated, this Court need not make any such finding. The Petitioner admitted that "[t]hrough his involvement with the conspiracy, between five and fifteen kilograms of cocaine and 1,000 and 3,000 kilograms of marijuana were foreseeable to Jeffrey Perry," Plea Agreement, Statement of Facts, ECF No. 99, regardless of any time spent incarcerated. Thus, any periods of incarceration during the conspiracy are irrelevant to the Petitioner's sentence.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 201) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, a court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an

appeal from a court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a court denies Petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:      August 13, 2014

_____/s/_____
Richard D. Bennett
United States District Judge